In re OTTO.

(Court of Appeals of District of Columbia. Submitted May 13, 1919. Decided June 2, 1919.)

Patent Appeal No. 1222.

1. PATENTS ⚖️140—REISSUANCE WITH BROADENED CLAIMS—TIME FOR APPLICATION.

A patent will not ordinarily be reissued, merely to broaden its claims, upon an application made more than two years after issuance of the original patent.

2. PATENTS ⚖️136—REISSUANCE—OBJECT OF STATUTE.

The statute providing for the reissuance of patents in certain cases is intended to secure to the inventor a monopoly of that which he actually discovered.

Appeal from the Commissioner of Patents.

Application by August Otto, Jr., for reissuance of a patent. From a decision by the Commissioner of Patents, rejecting certain claims, the applicant appeals. Affirmed.

L. K. Gillson and Charles B. Gillson, both of Chicago, Ill., for appellant.

Theodore A. Hostetler, of Washington, D. C., for Commissioner of Patents.

VAN ORSDEL, Associate Justice. This appeal is from the decision of the Commissioner of Patents, rejecting certain claims of appellant's application for the reissue of a patent awarded to him on August 1, 1911.

The invention relates to a hay loader, and the following claim illustrates sufficiently the issue here involved.

"In a hay loader, in combination, a traveling frame having a forwardly and upwardly inclined deck, a transverse toothed gathering cylinder located in rear of the lower end of the deck and rotating forwardly at its underside upon an axis which is above the plane of the deck and a plurality of toothed elevator bars longitudinally reciprocable over the deck and oscillating in a plane which is perpendicular to the plane of the deck, the said elevator bars extending in their movement immediately adjacent the front of the said gathering cylinder."

Without stopping to compare the claims, we agree with the three tribunals below that to grant the claims of the reissue would broaden the claims of the patent. As stated by the Commissioner:

"The only point involved in this appeal is whether the applicant is entitled to a reissue of his patent, which was granted August 1, 1911, and the present application for reissue filed June 30, 1916, nearly five years thereafter, where the object is admittedly to broaden the claims."

[1, 2] The rule is well established that a reissue applied for more than two years after the date of the issue of the original patent, where it amounts merely to a broadening of the claims of the patent, ordinarily will not be allowed. The two-year period seems to have been adopted by analogy to the statute affecting public use before application for a patent, which operates as a bar.

⚖️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

When a patentee takes out a patent, he, in effect, disclaims all that is not claimed. It is notice to the public that the claim to invention is for the elements or combination described, and for nothing more. That which is not claimed immediately becomes public property, and the public has the right to adopt and use it; hence the necessity of prompt action on the part of a patentee, since tardy reissues may conflict with intervening public rights. The obvious intent of the statute providing for reissues, where, through inadvertence, accident, or mistake, the full scope of the invention has not been claimed, is to secure to the inventor a monopoly of that which he has actually discovered or invented. This, however, will not excuse unreasonable delay in moving to correct the error in the original claims. The rule is clearly stated by Mr. Justice Brown in Topliff v. Topliff, 145 U. S. 156, 170, 12 Sup. Ct. 825, 831 (36 L. Ed. 658), as follows:

"That due diligence must be exercised in discovering the mistake in the original patent, and that, if it be sought for the purpose of enlarging the claim, the lapse of two years will ordinarily, though not always, be treated as evidence of an abandonment of the new matter to the public to the same extent that a failure by the inventor to apply for a patent within two years from the public use or sale of his invention is regarded by the statute as conclusive evidence of an abandonment of the patent to the public."

This court in In re Starkey, 21 App. D. C. 519, citing a long line of federal cases in support of the rule, said:

"We must now regard the law as well settled by the Supreme Court of the United States that, after the lapse of two years after the issue of a patent, a reissue which seeks to enlarge the claims of the original patent will not be granted, or, if granted, will be held invalid, unless special circumstances are shown to excuse the delay."

The reason for the rule is clearly stated in American Automotoneer Co. v. Porter, 232 Fed. 456, 462, 146 C. C. A. 450, 456, where the court said:

"We think it must be assumed that the principle of estoppel (perhaps in favor of the public generally) is at the bottom of the rule. By the issue of a patent, the inventor dedicates to the public everything which he does not claim as his monopoly. Upon this dedication, the public has a right to rely, and if members of the public devote time and money to the manufacture of a device which the inventor has so dedicated, or to the devising, inventing and patenting of structures which embody such a feature, it may be presumed that this is done upon the faith of the dedication; and so the inventor may not be permitted thereafter to enlarge his monopoly to the prejudice of these new rights, even though, except for them, the reissue would be permissible. The settled doctrine has come to be that after a delay of more than two years, and in the absence of any sufficient contrary evidence, these fatal intervening rights (public or private) will be presumed; in the presence of less delay, they must be proved."

Undoubtedly there are exceptions to the rule, and there are cases where to hold that a patent could not be reissued for an enlarged claim after the expiration of the two-year period would work a great hardship and nullify the obvious intent of the statute. But even in such a case the applicant will be held to a strict rule of diligence, and it must clearly appear that he moved promptly after the discovery of the error in the original patent. On the questions of fact touching applicant's failure, through inadvertence, accident, or mistake, to make originally

the broad claims now sought, the tribunals below are agreed, and we find no reason to disturb their finding. On the question of law relating to applicant's delay in seeking a reissue of his patent, we find nothing in this case to bring it within any exception to the foregoing rule.

The decision of the Commissioner of Patents is affirmed, and the clerk is directed to certify these proceedings as by law required.

Affirmed.